### McPHAIL v. GUM PRODUCTS, Inc.
#### Civ. A. 50–248.

United States District Court
D. Massachusetts.

Feb. 7, 1951.

Parker Fulton, Charles A. Baker, Cleveland, Ohio, Edward Lane Williams, Youngstown, Ohio, for plaintiff.

Baker, Hostetler & Patterson and Dwight B. Buss, all of Cleveland, Ohio, for defendant.

Arthur C. Sullivan, Sherburne, Powers & Needham and W. Langdon Powers, all of Boston, Mass., for plaintiff.

William J. Nolan, Robert E. Kelley, and William G. Todd, all of Boston, Mass., for defendant.

FORD, District Judge.

This matter came on to be heard on the defendant's motion for judgment on the pleadings. Rule 12(c), Fed.Rules Civ. Proc. 28 U.S.C.A.

Defendant argues that it is a shareholder's derivative suit under Rule 23(b), F.R.Civ.P., and the requirements of the rule have not been met, to wit, (1) the plaintiff has not alleged he was a shareholder at the time of the transaction of which he now complains or that his shares thereafter devolved on him by operation of law; (2) that the suit is not collusive; and (3) that there is no allegation of his efforts to secure the action he desires from the directors or stockholders and the reasons for his failure to obtain such action or the reasons for not making such effort. It is obviously apparent that these averments have not been made. The plaintiff's complaint as drawn sets forth in substance rights which belong to the corporation, i. e., liability of the corporate directors in declaring dividends illegally and apparently to prevent the directors from making an *ultra vires* or improvident loan. Plaintiff's complaint appears on its face to be a suit under Rule 23(b). It must fall for want of the necessary allegations under Rule 23(b), unless amended which plaintiff apparently cannot do.

Plaintiff does not quarrel with this result if the present suit is a suit under Rule 23(b) as he cannot, it appears, meet the requirements of the rule, but he argues that his suit is not brought under Rule 23(b) but is a suit for a declaratory judgment pursuant to the provisions of 28 U.S.C. § 2201. That section states: "* * * any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, * * *." No appropriate pleading has been filed here. If the present complaint seeks to have declared the rights and other legal relations of the plaintiff it is impossible to discover this from the form of complaint here. There is no allegation that the suit was brought under the provisions of 28 U.S.C. § 2201. The complaint asks for no declaration of rights but asks the court to issue orders to the defendant corporation to produce financial and stock information and also that the defendant be ordered to bring suit and recover from directors, or others, dividends illegally paid.

If the plaintiff here invokes the jurisdiction of this court to seek a declaratory judgment as he asserts at argument, he should say so and state plainly in his complaint just what rights and legal relations of his he wants declared, Rule 8(a), in order that the court may determine whether he is entitled to relief, Rule 8(a) (2).

Motion to dismiss is allowed unless within thirty (30) days plaintiff amends his complaint so as to state clearly what legal rights and legal relations he seeks to have declared.

At this point I am not passing on the right and standing of this plaintiff to seek a declaratory judgment in the light of the time of his stock acquisition.